SECOND DEPARTMENT, NOVEMBER, 1963

(November 4, 1963)

■ ATLANTIC BEACH PARK DISTRICT, Respondent, v. NAUTILUS MANAGE-MENT CORP., Appellant.— In a negligence action, the defendant appeals from an order of the Supreme Court, Nassau County, dated June 24, 1963, which granted plaintiff's motion: (a) to vacate a prior order of said court dismissing the action for lack of prosecution and failure to serve a complaint; and (b) to permit the plaintiff to serve its complaint. Order reversed, without costs, and motion denied. On this record, we believe the Special Term improvidently exercised its discretion in vacating the prior dismissal of the action, since: (1) plaintiff did not offer an acceptable excuse for the 30-month delay in serving a complaint; and (2) defendant established, prima facie, prejudice to it by reason of such delay. Beldock, P. J., Kleinfeld, Brennan, Rabin and Hopkins, JJ., concur.

■ ABDON BRUNO et al., Respondents, v. VIRGINIA VON DER LINN, Defendant, and JOSEPH RIGTS, Also Known as JOSEPH RIGGS, et al., Respondents. THOMAS V. KINGHAM, Appellant.— In a negligence action to recover damages for personal injury, Thomas V. Kingham, attorney for the defendants Von Der Linn and Rigts, appeals from an order of the Supreme Court, Kings County, dated April 11, 1963, which denied his motion for leave to withdraw as attorney for the defendant Rigts. Order reversed, without costs; and motion granted without prejudice to any claims which may arise among the defendant Rigts, attorney Kingham, the defendant Virginia Von Der Linn and her insurer (the General Accident Fire and Life Assurance Corp., Ltd.). An attorney who, as here, has been provided by an insurer to defend an action on behalf of both its insured and the driver of the insured's vehicle (the defendants Von Der Linn and Rigts, respectively), is entitled to withdraw from further participation in the action as attorney for the driver when undisputed proof has been submitted showing that the latter had demanded money in payment for his pretrial testimony; that he had refused to testify when his money demand was not met; and that as a consequence of his default in appearing for the pretrial examination his answer was struck out by the court. Such conduct on the part of the driver is evidence not only of a conflict of interest between him and the insured but constitutes good cause per se for termination of the attorney-client relationship between the attorney and the driver. Beldock, P. J., Ughetta, Kleinfeld, Rabin and Hopkins, JJ., concur.

■ ROBERT FENSON, Respondent, v. MARTHA FOX, Appellant.— In a negligence action, the defendant appeals from an order of the Supreme Court, Kings County, dated May 28, 1963, which granted plaintiff's motion to increase the ad damnum clause from $6,000 to $100,000 and to transfer the cause from the Civil Court of the City of New York, County of Kings, to the Supreme Court. Order reversed, with $10 costs and disbursements; motion denied; and action remitted to the Civil Court of the City of New York, County of Kings, for further proceedings not inconsistent herewith. In our opinion, on all the facts presented, the granting of the motion was an improvident exercise of discretion. Beldock, P. J., Ughetta, Kleinfeld, Rabin and Hopkins, JJ., concur.